UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **PAINTERS DISTRICT COUNTY NO. 58, et al.,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    Case No. 4:15-cv-01023-JAR |
| **AVERY PAINTING and ERIN MCDONALD,** | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Doc. 8). For the following reasons, the Court will **GRANT, in part** Plaintiffs' Motion.

Plaintiffs filed this action on June 30, 2015, pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, and Sections 502 and 505 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132, §1145 (Doc. 1). In their complaint, Plaintiffs allege that Defendant Avery Painting ("Avery") has failed to file reports evidencing hours worked and failed to make the required contributions and dues remissions under the collective bargaining agreement since on or about March 27, 2015 (*Id.* at 7). Plaintiffs further assert that Defendant Erin McDonald ("McDonald") is jointly liable with Avery because he signed the collective bargaining agreement on behalf of Avery and signed a document labeled "Guarantee of Payment of Wages, Dues, Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments" (the "Guarantee") (*Id.* at 9). Plaintiffs seek, for the period of the week ending March 27, 2015 through the date of the Complaint, the unpaid principal amount of contributions and deductions, liquidated damages, reasonable attorney's fees, and any accounting fees and costs incurred by Plaintiffs in this action (*Id.* at 7, 10).

Defendants were served with the summons and the Complaint on July 2, 2015, and have not entered an appearance or filed any other responsive pleading (Docs. 4, 5). On August 4, 2015, Clerk's entry of default was entered (Doc. 7). Plaintiffs now move this Court for a default judgment against the Defendants for a total of $6,877.04 for the period January 1, 2014, through December 31, 2014, and an order compelling Avery to submit to an accounting for the period January 1, 2015, through the present (Doc. 8, Doc. 9 at 7).

When the Clerk of Court has entered default against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." *Mueller v. Jones*, No. 2:08CV16 JCH, 2009 WL 500837, at *1 n.2 (E.D. Mo. Feb. 27, 2009) (quoting *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973)). Therefore, in deciding the present motion for default judgment, the Court accepts as true the factual allegations contained in Plaintiffs' Complaint together with those affidavits presented in Plaintiffs' motion and memorandum in support as they relate to Plaintiffs' damages.

Plaintiffs have established that Avery is bound by a collective bargaining agreement with Painters District Council No. 58. This agreement requires Avery to submit weekly reports on all covered employees, to contribute on a weekly basis to the Trusts[1], and to remit contributions to Painters District Council No. 58. The collective bargaining agreement further entitles the Trustees the right to conduct an audit of an employer's records to determine if the required contributions have been made. The only way in which Plaintiffs can determine the amount owed is through such financial examination. The CBA and Trust documents also require Avery to pay liquidated damages, the Plaintiffs' attorneys' fees, and costs incurred in an action to collect delinquent contributions and Union dues. Plaintiffs have also established that McDonald executed an unconditional guaranty to the Union. Accordingly, the Court finds that Plaintiffs' are entitled to

---

[1]The St. Louis Painters Pension Trust, the St. Louis Painters Welfare Trust, the St. Louis Painters Vacation Trust, and the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust.

the relief requested in their Complaint and that Defendants are jointly and severally liable for damages. However, to the extent that Plaintiffs request relief that is outside the timeframe of the Complaint, the Court will deny their Motion. The Complaint clearly indicates that Plaintiffs request, *for the period of the week ending March 27, 2015 through the date of the Complaint*, the unpaid principal amount of contributions and deductions, liquidated damages, reasonable attorney's fees, and any accounting fees and costs incurred by Plaintiffs in this action. Therefore, the Court will not permit Plaintiffs to perform an accounting, or otherwise recover damages, for any time outside this period.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 8) is **GRANTED, in part.**

**IT IS FURTHER ORDERED** that Defendants shall provide to Plaintiffs within thirty (30) days of the date of this Order the payroll registers and other documents needed to perform an audit for the period of the week ending March 27, 2015 to June 30, 2015.

Dated this 8th day of January, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE